The opinion of the Court was delivered at April term 1823, by
Putnam J.
The objection made by the plaintiff is, that ^le society has granted money in one year for the taxes of two years, and assessed the same upon one valuation ; and our opinion is, that this objection ought to prevail.
Assessors are to be chosen annually in March or April, and are to assess the polls and estates of the inhabitants within the town or district their due proportion, according to the rules set down in the tax act: and they are annually to make out an invoice or valuation, and leave the original, or a copy, with the clerk of the town or district, so that it may be inspected by all who may be rated : and the assessments are to be made according to the value of the estates on the first day of May in each year.
It appears, that the town of Harvard have for forty years voted their taxes in March or April annually, to be assessed according to the valuation of the 1st of May then next to come. That was done by the Congregational society in March, 1820 ; and just before the expiration of the year, viz. on the 27th of February, 1821, the vote passed to raise the tax for the year then next to come, upon the valuation which was made in the May then next preceding. But the taxes for the next year were, by law, to be made by assessors chosen for that year, and upon a valuation to be made for that year. The number of the inhabitants, and the amount of their estates, are continually varying. It was wise in the legislature to require, that the estates, or property to be taxed, should be ascertained as often as once a year, for the due apportioning of the taxes upon the people.
It has been argued, that it is competent for towns to grant money in advance for the supply of the pulpit; that they may raise money at once to support a minister for life ; that they may buy a parsonage-house, as well as build a meetinghouse ; and make present arrangements and provisions which would be equivalent to an annual salary for life.
The authority which is delegated to towns to grant money, is limited to such sum and sums of money, as they shah' judge necessary for the settlement, maintenance and support of the ministry, schools, the poor, and other necessary charges arising within the same town. They may raise as *147 • much money for those purposes as they may want yearly. If the authority should be abused, for sinister objects, it migl t be evidence to satisfy a jury, that the assessment was fraudulent, and not for the purposes intended by the statute.
And each case must depend upon its peculiar circumstances. We are not governed, in the case now under consideration, by the apparent precipitancy manifested by the society in voting the tax for the second year. It appears, indeed, that the time r. which, according to the ancient usage, the grant might have been made, would have arrived in the course of a few days ; but we know nothing of the motives which have governed the proceeding, and determine the case upon the ground, that it is unjust and illegal to apportion the taxes of the succeeding year upon the present inhabitants, and according to the valuation of the present year. It would be unjust, inasmuch as persons not liable to pay would be compelled to pay, while others hable, would be wholly excused. For example, an inhabitant who should be a mere lessee for one year, might in this way be compelled to pay taxes for one or more years to come after the expiration of his lease, when he might not be an inhabitant, or have any property in the town; and another person who should come into the town after the making the valuation, would be exempted, together with his estate. . And it would be illegal, because the assessors are to be chosen annually, and are required to ascertain the just proportions, which the inhabitants shall contribute towards the public burdens, by a reference to the valuation of the estates on the first day of May yearly.
We are therefore of opinion, that the verdict in this case should be set aside, and a new trial granted.[1]

 See Granger v. Parsons, 2 Pick. 392; Waldron v. Lee, 5 Pick. 323; Southampton v. Easthampton, 8 Pick. 380.